MARTIN LANGDON, APPELLANT, v. ELIZABETH WITHNELL ET AL., APPELLEES.

FILED DECEMBER 4, 1914. No. 17,917.

Appeal: CONFLICTING EVIDENCE. The verdict of a jury, based upon evidence so conflicting that it would have sustained a verdict either way, will not, ordinarily, be disturbed on appeal.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*W. H. Herdman, Martin Langdon* and *H. H. Bowes,* for appellant.

*E. C. Hodder, contra.*

FAWCETT, J.

Action in the district court for Douglas county, to recover attorney's fees. Verdict and judgment for defendants, and plaintiff appeals.

The first assignment of error is that the court erred in giving instruction No. 5. We deem it unnecessary to set

it out. We are unable to discover anything in it prejudicial to plaintiff. It is as favorable to him as his pleadings would warrant.

The second assignment is that the court erred in not instructing the jury on the question that under the evidence there might be a finding of an implied contract on the part of defendants to pay the reasonable value of plaintiff's services. Plaintiff's petition counts upon an express contract of employment, and the measure of his recovery, if it should be found that he was entitled to recover, was correctly explained to the jury by instruction No. 7.

Assignment No. 3 is that the court erred in the admission, over plaintiff's objection, of certain evidence. When the defendant Elizabeth Withnell was on the stand, counsel for plaintiff, on cross-examination, asked her: "Q. Did you ever ask any one what he (plaintiff) was doing in the case? A. Yes; I did. Q. And did you ever hear any of the heirs objecting to Mr. Langdon being in the case? A. No; I couldn't say that." She was then asked, on redirect examination: "Q. You say you heard how Judge Langdon came to be in the case: What did you hear?" (Objected to and objection overruled.) "A. Mr. Bellis told us that Judge Langdon had met him in the elevator and offered his services free on account of old friendship, old friends, that is what he said; said he wasn't going to charge a cent for his services." We cannot say that it was error to permit this explanation, on redirect examination, of the situation in which counsel for plaintiff had placed the witness in the closing questions of his cross-examination.

The remaining assignment is: "The judgment seems to be the result of passion and prejudice, and the judgment is contrary to the evidence." As to this assignment, the evidence is squarely conflicting, so much so as to make the question purely one for the jury. Plaintiff testified that he was employed by one Bellis, the husband of one of the defendants, to appear with their previously employed attorney, Mr. Knabe, for all of the defendants, and that his "recollection is" that as to some of the cases

the defendants Eliza and Elizabeth Withnell also told him they wanted him to appear. This testimony is flatly contradicted by Mr. Bellis and the two defendants named. Bellis, the only person with whom plaintiff is positive he talke'd about employment, testified that, as he (Bellis) was leaving the office of Mr. Knabe one morning, plaintiff accosted him and volunteered his services as counsel with Knabe, on the ground of personal friendship for the family, and stated that he would not charge "one cent" therefor; that he told plaintiff he would communicate his offer to Mr. Knabe; that after doing so he told plaintiff that Mr. Knabe had no objections to him, and also told him that he (Bellis) had no authority to employ any one, "that the heirs had made a contract with Mr. Knabe." All this is denied by plaintiff. In view of the large amount of work done and time spent by plaintiff in assisting Mr. Knabe in an effort to obtain for defendants the rights for which they were contending, and for which equity and good conscience would seem to call for some compensation, had the writer been the trier of fact, his finding would have been different from that returned by the jury; but that fact alone is not sufficient to warrant us in disturbing the verdict.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.

REESE, C. J., SEDGWICK and HAMER, JJ., not sitting.